UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MINIBOOSTER HYDRAULICS A/S, f/ka
IVERSEN HYDRAULICS ApS, a Danish
corporation,

                Plaintiff,

        -vs-                                02-CV-0892C(Sc)

SCANWILL FLUID POWER ApS, f/k/a
IVERSEN FLUID POWER ApS, a Danish
corporation, et al.,

                Defendants.

---

APPEARANCES:       SCHRODER, JOSEPH & ASSOCIATES, LLP (LINDA H. JOSEPH, ESQ., of Counsel), Buffalo, New York, for Plaintiff.

                           HODGSON RUSS LLP (KATHLEEN SELLERS, ESQ., of Counsel), Buffalo, New York, for Defendants.

On May 10, 2007, the parties appeared in court for a general discussion of the case and for oral argument on the parties' outstanding motions: plaintiff's motion for sanctions (Item 67), plaintiff's motion to quash a subpoena (Item 73), plaintiff's motion for a protective order striking a notice of deposition (Item 75), defendants' cross motion for attorneys' fees and costs (Item 79), and defendants' motion to compel discovery (Item 88).

The court has reviewed the papers in support of and in opposition to the various motions. With regard to the plaintiff's motion for contempt and defendants' cross motion for attorneys' fees and costs, the court declines to engage in a mini-trial regarding the alleged violation of the protective order. Although the federal courts' inherent power to punish for contempt is a "firmly established principle," *People by Abrams v. Terry*, 45 F.3d

17, 23 (2d Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)), this power is "significantly circumscribed." *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 44 F.3d 1091, 1096 (2d Cir. 1995). "The failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt." *Dunn v. N.Y. State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995). Rather, a court can impose civil contempt sanctions only if (1) the order violated by the alleged contemnor is "clear and unambiguous," (2) the proof of non-compliance is "clear and convincing," and (3) "the contemnor was not reasonably diligent in attempting to comply." *Local 1804-1*, 44 F.3d at 1096.

Here, the protective order, prepared and stipulated to by the parties, was not clear and unambiguous. Plaintiff has not established a violation of the protective order and has failed to show that the defendants were not reasonably diligent in attempting to comply with the order when plaintiff raised an objection. Likewise, defendants have not established that the motion for sanctions was brought in bad faith. Accordingly, the plaintiff's motion for sanctions (Item 67) and the defendants' cross motion for fees and costs (Item 79) are denied. Additionally, plaintiff's motion for a protective order striking the notice of deposition of Henning Davidsen (Item 75) is granted. The information defendants seek can be obtained from Christen Espersen, president of plaintiff corporation and a member of its board of directors.

In the interest of justice, the court has determined that a date should be set for trial of this case. Additionally, plaintiff has expressed the intention to move for summary judgment so as to narrow the issues for trial. To facilitate this, the parties must complete discovery forthwith. Extensive document discovery has been exchanged, yet defendants

have moved to compel the production of additional documents which plaintiff has allegedly withheld, primarily on the grounds of privilege and relevance. Additionally, plaintiff has moved to quash a subpoena issued to Air Systems Products, Inc. ("ASP"), plaintiff's United States distributor, on the grounds that it is overly broad, unduly burdensome, and seeks the disclosure of proprietary and confidential information.

The court has reviewed the document requests at issue in the motion to compel. Defendants seek documents specified in their First Notice to Produce, Requests Nos. 1, 3, 4, 5, 6, 7, 10, 11, and 13. These documents include "engineering drawings, designs, blueprints, product literature, and specifications for plaintiff's products that are at issue in this lawsuit, and which detail the form, size, performance, and appearance of plaintiff's products" (Request No. 1); "translations, whether official or unofficial, of the 'Termination Agreement' referenced in the complaint" (Request No. 3); "letters, emails, notes or other documents reflecting communications between plaintiffs and Sherex from 1993 to the present" (Request No. 4); "invoices, sales data, purchase orders, and other sales information and documents pertaining to the sales of Iversen's products in the United States from 1993 to the present" (Request No. 5); "advertisements, marketing literature, promotional materials, brochures, and other documents . . . relating to brand recognition of plaintiff's products" (Request No. 6); "documents relating to the assignment of rights by ASP Industries, Inc. to Iversen" (Request No. 10); "advertising, promotional materials, brochures, metatags, and documents reflecting the alleged unauthorized use by the defendants of plaintiff's trademark and the creation of alleged customer confusion" (Request No. 11); and "pricing information relating to the sale of defendants' products in the United States" (Request No. 13). Despite plaintiff's argument that much of the

3

information sought is now irrelevant based on its abandonment of any claim to money damages, the relevance standard for purposes of discovery is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y.1988) (term "reasonably calculated" in Rule 26(b)(1) means "any possibility" that the information sought may be relevant) (quoting Fed.R.Civ.P. 26(b)(1)).  Defendants have shown that these requests are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  Accordingly, plaintiff is directed to respond to the document requests in the First Notice to Produce.  Defendants also seek clarification of plaintiff's responses to Request Nos. 1, 4, 5, 6, 7, and 13 in defendant's Second Notice to Produce. Specifically, defendant has noted plaintiff's practice of stating an objection to the request, then producing responsive documents "without waiver of its objections." Plaintiff is directed to clarify whether all responsive documents have been produced or affirmatively state that there are no responsive documents in its possession.  If a privilege is asserted with regard to any of the documents ordered to be produced, plaintiff shall provide defendants with a privilege log and shall deliver the documents at issue to the court for *in camera* review. Defendants' motion to compel (Item 88) is therefore granted.

The court has also reviewed the subpoena issued to ASP.  The subpoena is extremely broad, and seeks essentially all business records of transactions between plaintiff and ASP, including marketing information, correspondence, distribution agreements, customer lists, sales records, accounting records, purchase orders, invoices,

artwork, and financial statements, many of which may have already been produced by plaintiff.  Plaintiff also contends that confidential and proprietary business information is sought in the subpoena, and that the protective order between the parties does not expressly apply to documents produced by non-parties.

The Federal Rules afford district courts broad discretion in managing the manner in which discovery proceeds.  *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003).  For instance, "Rule 26(c) provides that 'for good cause shown' a court may make 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery."  *Id*. (quoting Fed.R.Civ.P. 26(c)(1), (3)).  Moreover, Federal Rule 45(c) permits the court to "quash or modify [a] subpoena if it ... subjects a person to undue burden."  Fed.R.Civ.P. 45(c)(3)(A)(iv).

Plaintiff's motion to quash the subpoena (Item 73) is granted.  Plaintiff has demonstrated that the subpoena issued to ASP is overly broad and unduly burdensome, given the fact that ASP documents have been disclosed by plaintiff.  Additionally, plaintiff's counsel has stated that she represents ASP's interests in this action, that ASP has assigned any rights it may have in this litigation to plaintiff, and that ASP documents are in plaintiff's control.  If defendants seek specific ASP documents not covered by their previous discovery requests, such additional requests should be directed to plaintiff pursuant to Fed. R. Civ. P. 34.

The parties are directed to complete document discovery by June 15, 2007. Plaintiff shall file its motion for summary judgment on or before July 16, 2007. Defendants'

response shall be filed on or before August 6, 2007.  Plaintiff's reply, if desired, shall be filed on or before August 20, 2007.  The parties shall file pre-trial statements in conformance with Local Rule 16.1(d) by October 1, 2007 and shall meet with the court on October 15, 2007 at 9:30 am for a final pre-trial conference.  Trial shall commence on October 22, 2007.

      So ordered.

                                    \s\ John T. Curtin
                                    JOHN T. CURTIN
                                  United States District Judge

Dated: May   23   , 2007
p:\pending\2002\02-892.may1007